IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| GLENN YANEZ OLVERA | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-145 |
| WARDEN, FCI BEAUMONT | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Glenn Yanez Olvera, a prisoner confined at the Federal Correctional Institution in Beaumont, Texas, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

On May 21, 2020, Petitioner was charged with possession of a hazardous tool, in violation of Disciplinary Code 108. The charging officer described the incident as follows:

> On May 21, 2020, at approximately 12:45 pm, while conducting rounds on Unit SA I observed inmate Glenn Olvera, in Cell #32 lying in bed holding a black LG cellular phone approximately 10 inches from his face, looking at the cell phone screen. I ordered Olvera to give me the cell phone which he complied. Using his identification card, I positively identified inmate Glenn Olvera. Olvera is assigned to Cell #32 and was the only person located in the cell at the time of this incident. I notified the Activities Lieutenant and had the cell phone sent to the Lieutenant's Office.

Petitioner received a copy of the incident report and was advised of his rights the next day. The Unit Disciplinary Committee reviewed the case and referred it to the Disciplinary Hearing Officer (DHO) for further proceedings.

The DHO hearing was conducted on May 31, 2020.  The DHO found Petitioner guilty of possessing a hazardous tool.  Explaining her reasoning, the DHO wrote:

> The inmate's due process rights were read and reviewed by the DHO to the inmate. The DHO confirmed the inmate received a copy of the incident report, did not want a staff representative, did not want to call witnesses, Inmate provided a written statement denying the charge as well as provided a written statement from Inmate Zavala, but did not request a witness.  The inmate understood his due process rights and was ready to proceed with the disciplinary process.
>
> . . . .
>
> On May 21, 2020, at approximately 12:45 pm, while conducting rounds on Unit SA, I observed inmate Glenn Olvera in Cell #32 Lying in bed holding a black LG cellular phone approximately 10 inches from his face, looking at the cell phone screen.  I ordered Olvera to give me the cell phone which he complied.  Using his identification card, I positively identified inmate Glenn Olvera.  Olvera is assigned to Cell #32 and was the only person located in the cell at the time of this incident. I notified the Activities Lieutenant and had the cell phone sent to the Lieutenant's Office.
>
> Inmate's statement:  "I was not in the room and she did not see me in the cell."
>
> Based on these facts, the DHO is convinced that inmate Olivera, Glenn did commit the prohibited act of Possession of a cellular phone in violation of code 108.  You as well as your peer Inmate Zavala provided a written statement denying the charges against you.  According to the officer's statement, you [were] properly identified by the officer asking you to provide your ID, which you complied.  She identified you as Glenn Olivera.  According to the officer you are assigned to cell #32 and at the time of the incident you were the only inmate in the cell.  The DHO took into consideration your statement as well as your witness written statement, however based on the officer's statement she identified you by your federal inmate ID, in which you handed over to her along with the cell phone.  She also stated that she [saw] you lying in bed with the cell phone in your had.  The officer is obligated to tell the truth and has nothing to gain by not being truthful.  You on the other hand, if found to have committed a prohibited act, could receive disciplinary action.  The DHO finds no evidence that the officer falsely accused you of this conduct.  This type of behavior will not be tolerated at this facility.  Possession of a cell phone in a correctional environment is not tolerated.

As punishment for the Code 108 violation, Petitioner was fined $500.00; lost visiting, telephone, and commissary privileges for 280 days; forfeited 67 days of non-vested good conduct time; and lost 41 days of vested good time credit. Petitioner was provided a copy of the written findings on June 15, 2020.

## The Petition

Petitioner claims that he is actually innocent of the disciplinary charge because his cellmate was the person the charging officer saw in their cell with the cellular telephone. Petitioner contends that he was unable to present a surveillance videotape as evidence at the DHO hearing because prison officials failed to preserve it. Petitioner alleges his cellmate was not allowed to testify at the hearing, and the DHO disregarded the cellmate's written statement in reaching her decision as to Petitioner's guilt.

## Analysis

*Due Process*

Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment when the disciplinary action may result in a sanction that will impose upon a liberty interest. The inmate is entitled to the following: 1) notice of the charges; 2) the right to be present at the hearing; 3) the right to present witnesses and evidence; and 4) the right to receive a written copy of the hearing record. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *Morgan v. Quarterman*, 570 F.3d 663, 668 (5th Cir. 2009); *Smith v. Rabalais*, 659 F.2d 539, 542 (5th Cir. 1981).

Petitioner contends that he was denied due process because prison officials failed to preserve a surveillance videotape that allegedly would have shown he was not in his cell at the time of the

disciplinary infraction. The United States Court of Appeals for the Fifth Circuit has held previously that prison hearings satisfied the requirements of due process where an inmate requested to introduce security videotapes, but was not permitted to do so. *Arceneaux v. Pearson*, 449 F. App'x 396, 398 (5th Cir. 2011); *Neal v. Casterline*, 129 F. App'x 113, 114 (5th Cir. 2005). Here, there is no evidence that a videotape existed and would have exonerated Petitioner. The record reflects that Petitioner did not request the DHO to review any videotapes at the hearing. Therefore, the failure to review a videotape, if it existed, did not violate Petitioner's right to due process.

Petitioner also contends that he was denied the right to call a witness at the DHO hearing. Petitioner claims that his cellmate would have testified that the charging officer misidentified him as the Petitioner. Respondent contends that Petitioner did not request witnesses for the hearing, but he submitted the written statement of his cellmate which was considered by the DHO.

Accepting Petitioner's version of the facts as true for purposes of this motion, he has not demonstrated that the denial of his cellmate as a live witness at the disciplinary hearing violated his right to due process. Inmates do not have an unrestricted right to call witnesses at disciplinary hearings. *Wolff*, 418 U.S. at 566. Prison officials have discretion to refuse to call witnesses, particularly where the testimony would be irrelevant or unnecessary. *Id.* Further, confrontation and cross-examination of witnesses are not required in prison disciplinary hearings. *Id.* at 567-68; *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997).

Although Petitioner's cellmate did not testify at the hearing, Petitioner was allowed to present his cellmate's written statement. Petitioner alleges that the DHO did not consider the statement, but he offers no support for this allegation. In fact, the competent summary judgment evidence demonstrates that the written statement was submitted at the hearing and considered by the DHO.

It appears that Petitioner believes the DHO would have found him innocent if she had considered the written statement in which Petitioner's cellmate took responsibility for the cellular telephone, but the DHO was not required to accept the statement as true. The DHO has discretion to determine the credibility of witnesses. *See Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). Further, Petitioner is not entitled to relief because he has not shown that the result of the disciplinary hearing would have been different if the witness had appeared live. Because Petitioner has not demonstrated that he was prejudiced by the hearing officer's decisions concerning the witness, he is not entitled to relief on these grounds. *See Simpson v. Ortiz*, 995 F.2d 606, 609 (5th Cir. 1993) (holding that habeas relief is not available unless the petitioner shows he was prejudiced as a result of the alleged constitutional violation).

*Insufficient Evidence*

Petitioner contends he is actually innocent of the disciplinary charge, which is essentially a claim that the evidence was insufficient to support his disciplinary conviction. In reviewing prison administrative actions, the findings of a prison disciplinary hearing will not be disturbed unless they are arbitrary and capricious. *Stewart v. Thigpen*, 730 F.2d 1002, 1005 (5th Cir. 1984); *Smith*, 659 F.2d at 545. "The federal courts cannot assume the task of retrying all prison disciplinary disputes." *Smith*, 659 F.2d at 545. Accordingly, federal courts do not review a disciplinary hearing officer's factual findings *de novo*. Instead the courts will only consider whether the decision is supported by "some facts" or by "a modicum of evidence." *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985); *Hudson*, 242 F.3d at 536 *Hudson v. Johnson*, 242 F.3d 534, 536 (5th Cir. 2001); *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir. 1986). The federal court is not required to examine the entire record, independently assess the credibility of witnesses, or weigh the evidence to determine whether there

is sufficient evidence to support the factual findings of the disciplinary hearing officer. *Hill*, 472 U.S. at 455. Instead, the court should consider whether there is any evidence that could support the finding. *Id.* at 455-56.

In this case, there was some evidence to support the finding that Petitioner possessed a cellular telephone. The DHO relied on the incident report, in which the charging officer stated that she saw Petitioner holding the cellular telephone in hands, and the DHO relied on a photograph of the cellular telephone. Because there is some evidence to support the guilty finding, the Court is not free to retry the disciplinary charge and substitute its opinion for that of the hearing officer.

The DHO has discretion to determine the credibility of witnesses and assess the weight of the evidence. *See Hudson*, 242 F.3d at 537. Federal courts only determine whether there is some evidence to support the DHO's ruling. *Id.* In this case, the statement of the charging officer provides some evidence of Petitioner's guilt.

## Recommendation

This petition for writ of habeas corpus should be denied.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal

conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 21st day of June, 2022.

_____
Zack Hawthorn
United States Magistrate Judge